IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:13cr13-MHT |
| SCOTTIE ALICE JOHNSON | ) | (WO) |
| a/k/a Alice Johnson | ) | |

## OPINION AND ORDER

This cause is before the court on defendant Scottie Alice Johnson's oral motion to continue made during her competency hearing held on April 24, 2013. For the reasons set forth below, the court finds that jury selection and trial, now set for May 20, 2013, should be continued to July 1, 2013, pursuant to 18 U.S.C. § 3161(h)(1)(A) and (h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." § 3161(h)(1)(A). It also excludes continuances grounded in "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(I), or "would deny counsel for the defendant or the attorney for the Government the

reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interests of the public and Johnson in a speedy trial. Johnson was evaluated by Dr. Catherine L. Boyer, a clinical psychologist, on April 5, 2013. Based on that report, this court has found Johnson competent to stand trial. However, the report revealed that Johnson has significant limitations and crippling depression, which her attorney now need much more time to address in preparation for her trial.

***

Accordingly, it is ORDERED that:

(1) Defendant Scottie Alice Johnson's oral motion for a continuance is granted; and

(2) The jury selection and trial, now set for May 20, 2013, are reset for July 1, 2013, at 10:00 a.m., in the

Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

DONE, this the 26th day of April, 2013.

                        /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE